BARNES, Presiding Judge,
concurring specially.
While I concur fully in Divisions 2 and 3 of the majority opinion and in the majority’s conclusion that the trial court’s denial of the motion to suppress should be affirmed, I do not agree with all that is said in Division 1. Therefore, the majority’s decision in Division 1 is physical precedent only. Court of Appeals Rule 33 (a).
I agree with the majority that the reasonable-expectation-of-privacy test first formulated by Justice Harlan in his concurrence in Katz v. United States, 389 U. S. 347, 360 (88 SCt 507, 19 LE2d 576) (1967), applies in the present case, given that Green was a mere passenger in the vehicle to which the Global Positioning System (“GPS”) device was attached.[3]1 write separately, however, to emphasize that the GPS tracking at issue here lasted for eight hours, and thus this case does not address whether law enforcement’s use of the *810 GPS for longer-term monitoring of an individual’s movements would impinge on reasonable expectations of privacy under Katz.
Decided March 30, 2015
Forrest K. Shealy, for appellant.
D. Victor Reynolds, District Attorney, John R. Edwards, Assistant District Attorney, for appellee.
Nor has the issue of long-term GPS tracking and its privacy implications been addressed by the Supreme Court of Georgia. In Devega v. State, 286 Ga. 448, 453 (4) (d) (689 SE2d 293) (2010), police investigators relied upon “ping” information to locate a cell phone through its GPS system. Investigators used the information to track a vehicle as it traveled on a roadway to its destination. Id. Based on those facts, the Supreme Court of Georgia held that the defendant had no reasonable expectation of privacy to challenge the tracking on Fourth Amendment grounds. Id. at 453-454 (4) (d). Devega, therefore, did not address a situation where the investigators used a GPS system for more extensive, long-term surveillance.
Notably, however, since the Supreme Court of Georgia’s decision in Devega, a majority of the justices of the Supreme Court of the United States have indicated that long-term GPS monitoring of a person would impinge upon reasonable expectations of privacy and constitute a “search” of the person under the Fourth Amendment. In United States v. Jones, _U. S._(132 SCt 945, 181 LE2d 911) (2012), Justice Alito wrote a concurrence joined by Justices Ginsburg, Breyer and Kagan. Justice Alito concluded that “the use of longer term GPS monitoring in investigations of most offenses impinges on expectations of privacy.” Id. at 964. Justice Sotomayor wrote a separate concurrence, but expressly agreed with Justice Alito regarding the use of long-term GPS monitoring of an individual. See id. at 955 (“I agree with Justice Alito that, at the very least, ‘longer term GPS monitoring in investigations of most offenses impinges on expectations of privacy.’ ”). Hence, a majority of the justices would appear to accept that long-term GPS surveillance of an individual violates his or her reasonable expectation of privacy under Katz.
Nevertheless, ultimate resolution of the long-term surveillance issue and its Fourth Amendment implications must wait for another day. Given the relatively abbreviated nature of the GPS monitoring that occurred in this case, Green had no reasonable expectation of privacy that would permit him to challenge the monitoring under the Fourth Amendment.

 The Katz test also would apply in situations involving electronic monitoring of a vehicle where there has been no physical invasion of property, such as where the law enforcement officers monitor a GPS device installed by the vehicle driver or car manufacturer rather than a device physically attached to the vehicle by the officers.